**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**CIVIL MINUTES**

---

**Case Title:** Antonio Navarro and Maria Navarro

**Case No.:** 16-12147 - A - 13

**Docket Control No.** MRG-5

**Date:** 02/05/2020
**Time:** 3:00 PM

**Matter:** [131] - Motion for Relief from Automatic Stay [MRG-5] Filed by Creditor US Bank Trust N.A. (Fee Paid $0.00) (eFilingID: 6661107) (smis)

**Judge: Fredrick E. Clement**
**Courtroom Deputy: Lisamarie Tristan**
**Reporter: Electronic Record**
**Department: A**

---

**APPEARANCES for:**
**Movant(s):**
(by phone) Creditor's Attorney - Lemuel B. Jaquez
**Respondent(s):**
None

---

**CIVIL MINUTES**

Motion: Stay Relief
Notice: LBR 9014-1(f)(1); written opposition required
Disposition: Denied as moot
Order: Civil minute order

Federal courts have no authority to decide moot questions. Arizonans for Official English v. Arizona, 520 U.S. 43, 67-68, 72 (1997). "Mootness has been described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Id. at 68 n.22 (quoting U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980)) (internal quotation marks omitted).

The confirmed chapter 13 plan in this case provides for the movant's claim in Class 4. Class 4 secured claims are long-term claims that mature after the completion of the plan's term. They are not modified by the plan, and they are not in default as of the filing of the petition. They are paid directly by the debtor or a third party. Section 3.11(a) of the plan provides: Upon confirmation of the plan, the automatic stay of 11 U.S.C. § 362(a) and the co-debtor stay of 11

U.S.C. § 1301(a) are . . . modified to allow the holder of a Class 4 secured claim to exercise its rights against its collateral and any nondebtor in the event of a default under applicable law or contract . . . ."

Because the plan has been confirmed, the automatic stay has already been modified to allow the moving party to exercise its rights against its collateral. The movant's personal interest in obtaining relief from the stay no longer exists because the stay no longer affects its collateral. The motion will be denied as moot.